UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Criminal No. H-18-514 |
| OSCAR RUBEN CARDOZA | § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, Douglas Davis, Assistant United States Attorney, the Defendant, Oscar Ruben Cardoza, and the Defendant's counsel, John MacVane, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with Conspiracy to Transport Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

2. The Defendant further agrees to persist in that plea through sentencing, and fully cooperate with the United States. The Defendant, by entering this plea agrees he is waiving any right to have the facts the law makes essential to

1

the punishment either charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

## Cooperation

3. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The Defendant further agrees to persist in that plea through sentencing and fully cooperate with the United States. The Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

4. The Defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to the violation of the immigration laws. The Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

2

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the Defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, <u>if any</u>, not meet the Defendant's expectations, the Defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Punishment Range

5. The statutory maximum penalty for violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), is imprisonment of not more than ten (10) years and a fine of not more than $250,000. Additionally, the Defendant may

also receive a term of supervised release after imprisonment of up to three (3) years. Title 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then he may be imprisoned for up to two years of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(5) and 3583(e)(3). Defendant understands he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

6. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of $100.00. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

7. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the Defendant to pay a fine that is sufficient to

reimburse the government for the costs of any imprisonment or term of supervised release, if any is ordered.

8. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

9. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing. Further, the Defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

## Waiver of Appeal and Collateral Review

10. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become

final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

### Waiver of FOIA Request

11. The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. In agreeing to these waivers, the Defendant is aware that a sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a

prediction, not a promise, and such estimate <u>did not induce his guilty plea</u>, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States V. Booker*, 125 S.Ct. 738 (2005). Accordingly, the Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing the Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence the Defendant within the calculated guideline range.

13. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## Immigration Consequences

14. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised

Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### The United States' Agreement

15. The United States agrees to the following:

    (a) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional two-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

    (b) The United States will move under section 5K3.1 for an additional one-level reduction pursuant to the early disposition program authorized by the Attorney General of the United States.

    (c) If the Defendant's guideline range is in Zone C of the Sentencing Table and the Defendant receives a sentence of imprisonment, the United States agrees not to oppose Defendant's anticipated request to serve half of such sentence on supervised release with community confinement pursuant to USSG 5C1.1(d)(2).

### Agreement Binding - Southern District of Texas Only

16. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

17. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

18. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which the Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the

applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

19. Defendant represents to the Court he is satisfied his attorney has rendered effective assistance. Defendant understands by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands the rights of a defendant include the following:

   (a) If the Defendant persisted in a plea of not guilty to the charges, he would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the Court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against the Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

   (c) At a trial, the Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be

drawn from such refusal to testify. However, if the Defendant desired to do so, he could testify on his own behalf.

## Stipulated Factual Basis

20. Defendant is pleading guilty because he <u>is</u> guilty of the charge contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On August 13, 2018, HSI Houston Human Smuggling Group special agents responded to a Houston Police Department (HPD) call after HPD had received a telephone call regarding possible "human trafficking" activity. The caller also gave a location and description of a van the caller believed was filled with smuggled aliens. An HPD officer went to the location at 6800 Harrisburg in Houston, Texas and observed a van matching the description given. The driver was identified as the Defendant, Oscar Ruben Cardoza. The van bore a fake Texas paper license tag and the Defendant was found to have a suspended Texas driver's license and no valid insurance. HSI agents determined that all nine of the passengers in the van were aliens illegally within the United States.

The Defendant, after waiving his Miranda rights orally and in writing, admitted transporting the nine illegal aliens and stated that he was transporting

them to California. He admitted knowing the aliens were illegal and that he was to be paid for transporting the aliens by a person called "Negro." A search of the Defendant's phone showed text messages indication "Negro" offered the Defendant $1,375 to transport the aliens to California and the Defendant agreed.

21. Defendant and the United States agree that the facts set forth in the Stipulated Factual Basis provide the factual basis for Defendant's guilty plea to conspiracy to transport illegal aliens. Defendant and the United States further agree the Stipulated Factual Basis does not necessarily include all relevant conduct that may be considered by the Court for sentencing purposes.

## Breach of Plea Agreement

22. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the Defendant, whether

prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

23. Whether the Defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

**Forfeiture**

24. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees to forfeit whatever interest he may have in assets related to harboring illegal aliens, including those assets listed in the Information. The Defendant agrees to the forfeiture of cash as proceeds from transporting illegal aliens as charged in Count One.

25. Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.

Defendant also agrees to direct any banks which have custody of Defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

26. This written plea agreement, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _9/17/18_, 2018.

_____
Defendant

Subscribed and sworn to before me on  September 17  ,
2018.

                      DAVID J. BRADLEY, Clerk
                      UNITED STATES DISTRICT CLERK

        By: _____
                Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
United States Attorney

By: _____      _____
DOUGLAS DAVIS                            JOHN MacVane
Assistant United States Attorney           Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § § | Criminal No. H-18-1291M |
| OSCAR RUBEN CARDOZA | § § | |

**PLEA AGREEMENT - ADDENDUM**

I have fully explained to the Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to the Defendant the provisions of those Guidelines which may apply in this case. I have also explained to the Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
JOHN MacVane
Attorney for Defendant

_9/17/18_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  _____9/17/18_____
Defendant                         Date